## Crescent Township v. Crescent-South Heights Municipal Authority

*R. W. Doty,* for plaintiffs.
*David G. Joyce,* for defendant.

LOUIK, *J.*, July 13, 1977—Plaintiff, Township of Crescent, is a first class township located in Allegheny County. Plaintiff, Walter Runyon, is a township commissioner of Crescent Township. Defendant, Crescent-South Heights Municipal Authority, is a joint sewer authority comprised of five members from Crescent Township and two members from South Heights Borough, Beaver County.

At its regular monthly meeting held on December 7, 1976, the Board of Township Commissioners of

Crescent Township appointed Walter Runyon to the board of the Crescent-South Heights Municipal Authority. The vote was unanimous, with Walter Runyon abstaining.

Mr. Runyon was appointed to fill a vacancy caused by the resignation of a member of the sewer authority. It is undisputed that the commissioners were authorized by the governing documents of the authority and by public law to fill the vacancy caused by the resignation.

At the authority's regular monthly meeting held on March 28, 1977, the authority's board refused to seat Walter Runyon as a member. The board was following the recommendation of its solicitor, who felt that the offices of township commissioner and member of the board of the municipal authority were incompatible.

On April 26, 1977, plaintiffs instituted this action in mandamus, seeking an order directing defendant authority to admit Walter Runyon to its board and to permit him to exercise all powers, rights and privileges which a member of its board may customarily exercise. Contending that their right to such an order is clear, plaintiffs moved, under Pa.R.C.P. 1098, for peremptory judgment in their favor.

Initially, plaintiffs contend that since the sole method to challenge the title or right to public office in Pennsylvania is through an action in quo warranto, the board was without power to refuse to seat Mr. Runyon. Therefore, whether or not Mr. Runyon's two offices are incompatible, plaintiffs contend that we must grant their request for mandamus in this case and let the question of incompatibility be tested in a subsequent quo warranto proceeding.

While there is merit to plaintiffs' position, it would seem incongruous to have this court order the board to seat Mr. Runyon, only to have it possibly determined at some later date that Mr. Runyon is not entitled to have his seat on the board. Therefore, we prefer to reach the substantive issues in this case.

Article VI, sec. 2 of the Pennsylvania Constitution says: "No member of Congress from this State, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the same time hold or exercise any office in this State to which a salary, fees or perquisites shall be attached. *The General Assembly may by law declare what offices are incompatible.*" (Emphasis supplied.)

Both sides agree that there is no statute in Pennsylvania in which the legislature has declared that the offices of township commissioner and member of the board of a municipal authority are incompatible. Therefore, our first inquiry is whether, absent such a legislative declaration, a court can declare two offices to be incompatible.

This issue was settled by the Pennsylvania Supreme Court in Com. ex rel. Fox v. Swing, 409 Pa. 241, 186 A. 2d 24 (1962). In that case, a quo warranto action was brought against Swing, alleging that his simultaneous holding of the office of township treasurer and county commissioner was against public policy. Notwithstanding that the legislature had not declared the public offices in question to be incompatible, the lower court in Swing held that it had the inherent authority at common law to declare the offices incompatible as a matter of public policy.

The Supreme Court reversed, saying: "If the

courts enjoyed such inherent power at common law, it was completely abrogated by Article XII, §2 of the Pennsylvania Constitution." 409 Pa., at 244. The court then quoted from the case of Com. ex rel. Schermer v. Franek, 311 Pa. 341, 347, 166 Atl. 878 (1933):

"Inasmuch as the Constitution has provided a method of declaring what offices are incompatible, thereby announcing the public policy of this State in regard thereto, the courts are not permitted to hold offices incompatible merely because the Legislature has failed to act, even though other states may have held such offices incompatible where the duties of one conflict with those of the other. The Legislature of this Commonwealth has determined in several instances certain offices to be incompatible, and it would be a transgression of the power of this court to hold the offices of Mayor and Justice of the Peace incompatible when the Legislature has not seen fit to act in the matter."

This case is clearly controlled by the Fox decision. Defendant, however, would have us rely on certain dicta in Com. ex rel. McCreary v. Major, 343 Pa. 355, 361, 22 A. 2d 680 (1941), which states the opposite rule. However, if this opposite rule were ever the law in Pennsylvania, which is doubtful, considering the earlier Schermer decision, supra, then it has been overruled by the decision in Fox. See the later case of Raynovich v. Romanus, 450 Pa. 391, 299 A. 2d 301 (1973), and particularly the dissenting opinion of Justice Eagen, where he says, at page 403, that the majority has rejected the dicta in McCreary.

Thus, while we may not agree that the two positions involved in this case should be held by the same individual, this court does not have the power

to declare the two offices incompatible. Walter Runyon therefore has a clear right to take his seat on the board of the Crescent-South Heights Municipal Authority. Plaintiffs' motion for peremptory judgment in accordance with Rule 1098 will be granted.

## ORDER

And now, July 13, 1977, upon consideration of plaintiffs' motion for peremptory judgment, it is hereby ordered, adjudged and decreed that plaintiffs' motion is granted and defendant is ordered to admit Walter Runyon to its board forthwith and to permit him to exercise all powers, rights and privileges which a member of its board may customarily exercise.